J-S14036-19

2019 PA Super 173

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANTE T. JORDAN, | : | |
| | : | |
| Appellant | : | No. 545 EDA 2017 |

Appeal from the Judgment of Sentence January 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008738-2015,
CP-51-CR-0008739-2015

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

CONCURRING OPINION BY NICHOLS, J.:                    **FILED MAY 29, 2019**

I agree with the majority that the trial court erred by closing the courtroom during *voir dire* without considering Jordan's reasonable alternative of permitting entry for his mother and stepfather only.  I write separately to emphasize that trial judges must adhere to the processes prescribed by the United States and Pennsylvania Supreme Courts before deciding that closure of a courtroom is warranted.

"[T]he right to a public trial is not absolute; rather, it must be considered in relationship to other important interests." *Commonwealth v. Conde*, 822 A.2d 45, 49 (Pa. Super. 2003) (citation and footnote omitted).  "Closed proceedings, although not absolutely precluded, must be rare and only for cause shown that outweighs the value of openness." *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 509 (1984) (footnote omitted).

_____
* Retired Senior Judge assigned to the Superior Court.

[T]he circumstances under which the press and public can be barred from a criminal trial are limited; the State's justification in denying access must be a weighty one.

\* \* \*

The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. **The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.**

*Id.* at 509-10 (citation and quotation marks omitted) (emphasis added).

Here, the trial court failed to articulate adequate findings to support its decision to close the courtroom. Specifically, the court baldly asserted its concerns over juror privacy without any corresponding assessment of the reasonable alternative to a total closure proffered by Jordan's attorney. Absent such an assessment, the court erred. *See id.*

The majority notes that the trial court was "obligated to explain why Jordan's mother and stepfather, who are not 'regular' members of the public vis-à-vis Jordan, were properly excluded when presented with that reasonable alternative to closure." Majority Slip Op. at 23 n. 15. While this proposition is accurate under the circumstances here, I also note that our holding does **not** impose a new requirement forcing a trial judge to evaluate a defendant's relationship to those seeking entry to the courtroom in every case.

Accordingly, I concur with the majority.

Judge Lazarus joins the concurring opinion.